# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1454V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
LEROY ALBERT WEINREICH,             *     Special Master Corcoran
                                    *
                                    *     Filed: October 12, 2016
                 Petitioner,        *
           v.                       *     Rule 21(a); No Judgment; Order
                                    *     Concluding proceedings.
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                 Respondent.        *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*William Nelson Butler*, Butler, Melfa and Taylor, PA, Towson, MD, for Petitioner.

*Lisa Ann Watts*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### ORDER CONCLUDING PROCEEDINGS[1]

On December 2, 2015, Leroy Albert Weinreich filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleges that the trivalent influenza ("flu") vaccine that Petitioner received on December 11, 2012, caused him to develop Guillain Barré Syndrome. *See* Petition ("Pet.") at 1.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed his statement of completion on March 4, 2016, and Respondent's Rule 4(c) Report was subsequently filed on June 7, 2016. Petitioner was then instructed to file his expert report. Although the due date was originally August 12, 2016, Petitioner moved for two extensions of time and the deadline was extended to September 23, 2016. After missing that deadline, and failing to file a motion for an extension of time, I issued an order on October 4, 2016, stating that the overdue expert report be filed immediately (ECF No.15). Petitioner did not respond so I issued an order to show cause why the claim should not be dismissed on October 11, 2016 (ECF No. 16). That same day, a joint stipulation of dismissal without prejudice was filed (ECF No. 17), pursuant to Vaccine Rule 21(a).

Accordingly, pursuant to Vaccine Rule 21(a)(3), the above-captioned case is hereby ordered concluded. The Clerk of the Court is instructed that a judgment shall not enter in the instant case pursuant to Vaccine Rule 11.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master